## CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY

### v.

## JOHN MAHER.

*Railroads—Injury at Highway Crossing—Evidence—Instructions.*

In an action against a railroad company to recover damages for injuries to himself and to his horse and wagon at a highway crossing, this court affirms the judgment of the court below, the verdict being fairly supported by the evidence and there being no substantial error committed by the court.

[Opinion filed May 16, 1888.]

C., M. & St. P. Ry. Co. v. Maher.

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. E. WALKER, for appellant.

The Supreme Court has held, as a matter of law, that when persons are about to cross a railroad track it is their duty to use all their faculties to discover the approach of a train, not only by listening but by looking. Chicago & N. W. Ry. Co. v. Gersten, 15 Ill. App. 614.

This is not only the rule of the Supreme Court of our State, but also of the Supreme Courts of other States, notably of New York and Pennsylvania. T. W. & W. R. W. Co. v. Miller, 76 Ill. 278; Railroad Company v. Henderson, 43 Pa. St. 449; Meyers v. I. & St. L. Ry. Co., 113 Ill. 386.

Messrs. McELHERNE, for appellee.

*Per Curiam.* This is an appeal from a judgment recovered by appellee in an action brought by him against appellant for injuries to himself, and to his horse and vehicle, sustained by being run into by a locomotive engine being driven by the servants of appellant, at the intersection of Wood Street with appellant's railway tracks in the city of Chicago.

The verdict is fairly supported by the evidence, but it is contended that the court erred in giving and refusing instructions. We have examined the instructions given and refused, and have considered the points which counsel for appellee has made upon the action of the court below in that regard, and the authorities cited by counsel in support of his contention, and we are of opinion that no substantial error was committed by the court.

We must be content with stating this conclusion, as we have not the time to enter upon a discussion of the position taken by the counsel, and of the facts of this case, which, in our opinion, distinguishes it from cases in which instructions refused by the court in this case, were approved and sustained.

We find no error, and the judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*